ORIGINAL

FILED
U.S. DIST. COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT    2000 APR 10  P 3: 47
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION    CLERK  C. McClan
_____ GA

---

MICHAEL A. HADDLE,

    Plaintiff,

v.    Civil Action No. CV-196-029

JEANETTE G. GARRISON,
G. PETER MOLLOY, JR., and
HEALTHMASTER, INC.,
a Georgia corporation,

    Defendants.

---

## OBJECTION TO MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION ON PLAINTIFF'S
## SUBMISSION OF COSTS PURSUANT
## TO SANCTION ORDER

On January 20, 2000, Plaintiff filed Plaintiff's Submission of Costs Pursuant to Sanctions

Order. Defendants HLM, Inc. (f/k/a Healthmaster, Inc.) and Jeanette G. Garrison and their

counsel, Phillip A. Bradley and Barry J. Armstrong (collectively "Defendants"), objected to

Plaintiff's request for attorneys' fees. Defendants opposed Plaintiff's request for attorneys' fees

because: (i) Plaintiff failed to adequately substantiate his claimed fees; (ii) Plaintiff sought

attorneys' fees for items not related to the Motion for Sanctions; and (iii) the hours purportedly

spent by Plaintiff's counsel on the Motion for Sanctions were not reasonable and necessary. In a

Report and Recommendation dated March 27, 2000, the Magistrate Judge recommended that

Plaintiff be awarded $15,475.00 in attorney's fees and $289.83 in expenses. Defendants object,

342.

in part, to the Magistrate Judge's recommendation and submit that, to the extent any attorneys' fees should be awarded,[1] the amount of fees should be reduced to $6, 585.00.

The calculation of reasonable attorneys' fees is a multi-step process. The first step is to multiply the number of hours worked by a reasonable hourly rate to determine the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Next, the hours spent on discreet and unsuccessful claims (or in this situation unrelated tasks) must be excluded from the lodestar. Id.; Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988). The burden is on Plaintiff to establish that the hours for which he seeks fees were reasonable and necessary and to establish the reasonable hourly rate. Loranger, 10 F.3d at 781-82. That burden includes producing "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303(citations omitted). It is also Plaintiff's "burden to establish that the time for which compensation is sought . . . is time that was 'reasonably expended on the litigation.'" American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 435 (11th Cir. 1999) (citation omitted).

In Mr. Stebbins' Affidavit submitted in support of the fee request, he claimed to have spent a total of 54.6 hours related to the Motion for Sanctions. However, after Defendants filed their objection, Mr. Stebbins conceded that 24 hours of that time either had no relation to the Motion for Sanctions (7 hours) or was for time that was not actually incurred in this case (17.0

---

[1]Defendants opposed Plaintiff's Motion for Sanctions and have filed a Notice of Appeal that includes the Sanctions Order. In that event the Sanctions Order is reversed, any award of attorney's fees would necessarily be reversed as well. Defendants' contentions as to the amount of attorney's fees is not intended as a waiver of their right to appeal the Sanctions Order.

2

hours). Furthermore, Mr. Stebbins' Affidavit did not contain contemporaneous billing records for Mr. Stebbins; instead, it appeared to have been generated specifically for the submission of costs. It was several weeks after the deadline for Plaintiff to submit his request for fees under the Sanctions Order that Plaintiff finally submitted any billing records and that was in conjunction with his request for fees under 42 U.S.C. § 1988. Plaintiff's initial (and only timely) submission of a request for fees under the Sanctions Order was insufficient to meet Plaintiff's burden of proving the hours were reasonable and necessary. Thus, Plaintiff should not be awarded any fees.

Even if Plaintiff had submitted adequate documentation of his fees, numerous hours, which the Magistrate Judge recommended be approved, should not be allowed because they were not reasonable and necessary to the preparation of the Motion for Sanctions. The first three time entries in Mr. Stebbins' Affidavit reflected time allegedly spent on "Research regarding sanctions motion" and "Analyz[ing] discovery" on July 1 and 2, 1999 and additional research on September 28, 1999. The Court's Order of December 7, 1999 provided for recovery of attorneys' fees "arising out of [Plaintiff's] preparation of the Motion for Sanctions and Sanctions Hearing." (Order p. 34). The three entries are inconsistent with Mr. Stebbins' representations at the sanctions hearing on November 5, 1999 that he did not decide to file the Motion for Sanctions until "the day before the pretrial hearing" which occurred on October 26, 1999. (Sanctions Hearing Transcript p. 62; see also Sanctions Hearing Transcript pp. 53, 90). Mr. Stebbins explained that he waited until shortly before trial to file the Motion for Sanctions because he was awaiting the outcome of the correspondence with Richard Goolsby regarding the government's position on disclosure of witness statements made by Plaintiff. Id. The

3

correspondence with Mr. Goolsby continued up through October 26, 1999. Moreover, Mr. Stebbins claimed that Plaintiff did not learn of the alleged failure of Defendants to produce certain documents during discovery until August 1999 when Plaintiff received a response to his Freedom of Information Act request. Id. Thus, this 4.3 hours of time was not related to the preparation on the motion and is inconsistent with Mr. Stebbins' representations that he did not decide to file a sanctions motion until several months later. To the extent Plaintiff seeks fees for discovery efforts upon which he based the Motion for Sanctions, such recovery is not authorized by the Court's Order.

Mr. Stebbins also claimed in his Affidavit that the only time he spent preparing the Motion for Sanctions was a total of 4.4 hours on October 12 and 13, 1999. The two entries are irreconcilable with the content of the Motion for Sanctions. In the Motion, Mr .Stebbins referenced contacts with opposing counsel that occurred as late as October 26, 1999 and attached copies of correspondence dated October 25 and 26, 1999 to the Motion. (Motion for Sanctions at 7 and Exhibit 8 attached thereto). Mr. Stebbins' Affidavit, however, asserted that he did not spend time on the Motion for Sanctions between October 13, 1999 and October 28, 1999. The Magistrate Judge attempted to excuse these unexplained inconsistent time entries because "Mr. Stebbins was not the only attorney in his firm working on this issue." (Report and Recommendation, p. 12). However, Plaintiff did not claims fees for anyone else at Mr. Stebbins firm related to time spent working on the Motion for Sanctions. Indeed, Mr. Stebbins is the only attorney who claims to have spent any time preparing the Motion for Sanctions. Such demonstrably inaccurate time entries should be disregarded by the Court.

4

Mr. Stebbins' wife also submitted an Affidavit, claiming that she spent a total of 66.5 hours working on the Motion for Sanctions. Again, Exhibit "A" to Mrs. Stebbins' affidavit was not contemporaneously prepared billing records but, instead, was generated specifically for the request for fees. The first five time entries for Mrs. Stebbins reflect time spent in May and June of 1999 which did not have any relation to the Motion for Sanctions. On May 21 and 24, 1999, Mrs. Stebbins claims to have spent a total of 7.6 hours for review of grand jury testimony. Mr. Stebbins, however, stated in the Motion for Sanctions and at the hearing that it was Mr. Goolsby's deposition on June 9, 1999 that first led him to inquire as to whether all of Plaintiff's witness statements were produced. Furthermore, as Plaintiff alleged in his Complaint, he never even testified before the grand jury so there was no possibility of locating testimony by Plaintiff in the grand jury transcript. Finally, Plaintiff's counsel did not make any inquiry to Defendants regarding additional witness statements by Plaintiff until after Mr. Goolsby's deposition. Thus, at that point in time, Plaintiff had not begun the good faith effort to resolve a discovery dispute required by Fed.R.Civ.P. 37(a)(2) and did not have a basis for filing a Motion for Sanctions. This Court limited Plaintiff's recoverable fees to those incurred in working on the Motion for Sanctions and attending the hearing, it did not authorize recovery of fees for time spent on the underlying discovery that led to the Motion for Sanctions.

On June 8, 1999, Mrs. Stebbins claims .8 hours for "telephone conference with Mr. Haddle." No subject matter for the conference is given and the call occurred before Mr. Goolsby's deposition and months before the Motion for Sanctions was filed. On June 10, 1999, Mrs. Stebbins claims 4.8 hours of time for the following entry:

> Call, Goolsby at Hudson's office; U.S. District counsel; research
> IRS code information; review of document.

In addition to being impossible to decipher, the time entry does not bear any relation to the

Motion for Sanctions. The Magistrate Judge apparently accepted Mrs. Stebbins after-the-fact

revisions to her affidavit wherein she claimed that "Hudson" should have been "Halle" in

reference to Ms. Mollie Halle, an attorney with the FBI. However, Ms. Stebbins never explained

why she would be calling Mr. Goolsby in Ms. Halle's Atlanta office. While it is true that Mr.

Goolsby was deposed at David Hudson's office on June 9, 1999, Mrs. Stebbins was not present

for the deposition. Furthermore, there is nothing in the Motion for Sanctions that related to

anything in the IRS code, nor does the Magistrate Judge give any rationale for allowing recovery

of time related to researching tax issues. The remainder of the time entry for review of a single

document and "U.S. District counsel" has no discernable relation to the Motion for Sanctions

and cannot justify 4.8 hours of time.

On June 11, 1999, Mrs. Stebbins claims 5.8 hours for "review of documents." There is

no description given of the documents or how they could possibly relate to the Motion for

Sanctions to be written four months in the future. Indeed, the theory behind Plaintiff's Motion

for Sanctions was that Defendants had failed to produce documents.

On October 8, 1999, Mrs. Stebbins claims 5.0 hours for "Research and make copies of

exhibits" and on October 11, 1999, an additional 5.0 hours for "Research and copy exhibits."

Again, no description is given of the "exhibits" or their relation to the Motion for Sanctions. The

Motion for Sanctions only had the following eight exhibits:

| Exhibit 1: | Motion for Protective Order filed in 1996 |
| Exhibit 2: | Plaintiff's Opposition Brief to Motion for Protective Order filed in 1996 |
| Exhibit 3: | Court Order on Motion for Protective Order entered in 1996 |
| Exhibit 4: | Letter from Phillip A. Bradley to Clay Stebbins regarding document production |
| Exhibit 5: | Excerpt of Richard Goolsby deposition |
| Exhibit 6: | Correspondence related to document production |
| Exhibit 7: | Copies of cover letter and 10 results of interview |
| Exhibit 8: | Correspondence related to discovery |

On October 12, 1999, Mrs. Stebbins claims to have spent an additional 5.5 hours for "Review of exhibits." Finally, on October 15, 1999, Mrs. Stebbins claimed to spend an additional 4.5 hours to "Prepare exhibits and review." Mrs. Stebbins claims a total of 25.5 hours spent preparing and reviewing exhibits for the Motion for Sanctions.

Plaintiff's billing records filed in conjunction with Plaintiff's request for fees under 42 U.S.C. § 1988 shed further light on the activities of Plaintiff's counsel during the month of October. The parties filed a Pre-Trial Order on September 27, 1999. Defendants listed 334 trial exhibits in the Pre-Trial Order. The Court directed that the parties file objections to trial exhibits "at or before the time of the pretrial hearing." (Pre-Trial Order ¶ 9(a)(1)). Plaintiff filed a 12 page list of objections to Defendants' trial exhibits on October 27, 1999 in which Plaintiff objected to the vast majority of Defendants' trial exhibits. Defendants also objected to many of Plaintiff's trial exhibits. Between September 27, 1999 and October 27, 1999, the only time entries in Mr. Stebbins billing records related to "exhibits" are the following:

| 10/06/99 | Object to Exhibits | .2 |
| 10/07/99 | Prepare objections to exhibits | .1 |
| 10/24/99 | Review of Defendants' exhibits | 6.7 |

Mrs. Stebbins, the only other attorney for Plaintiff that had time entries related to "exhibits" had the following time entries in the billing records during the same time period:

| 10/07/99 | Prepare objection to Haddle | 6.0 |
| 10/08/99 | Research and make copies of exhibits | 5.0 |
| 10/11/99 | Research and copy exhibits | 5.0 |
| 10/12/99 | Review of Exhibits | 5.5 |
| 10/13/99 | Assemble and review Defendants exhibits | 5.5 |
| 10/15/99 | Prepare exhibits and review | 4.5 |
| 10/24/99 | Review of Defendants' Exhibits | 5.0 |

The time claimed by Mr. Stebbins in October is clearly insufficient to account for review of Defendants 334 trial exhibits and preparation of 12 pages of objections. Since there are no billing records indicating anyone else worked on "exhibits" during the month of October, the only reasonable explanation is that most, if not all, of Mrs. Stebbins' time in October related to trial exhibits. This misapplication of time in October is further demonstrated by Mrs. Stebbins claiming the 5.5 hours of time on October 13, 1999 to "assemble and review Defendants' exhibits" as being related to the Motion for Sanctions. Although disallowed by the Magistrate Judge, because Defendants did not file a response to the Motion for Sanctions, including any exhibits, until November 3, 1999, the time entry demonstrates that even Plaintiff does not know what time was spent on trial exhibits versus sanctions exhibits. The October 13 and 24 time entries, as well as the other time entries for October for Mr. and Mrs. Stebbins, show that, to the extent Mrs. Stebbins spent time on the case, it was in relation to the trial exhibits, not the exhibits for the Motion for Sanctions.

Plaintiff also claimed 4.0 hours of paralegal time on October 26, 1999 for "Preparing exhibits for Motion for Sanctions." Unlike Mrs. Stebbins' time, the paralegal time is

8

contemporaneous with the filing of the Motion for Sanctions and appears to be a reasonable

amount of time for preparing the exhibits.

Considering the unreliability of the majority of the time entries in Mr. and Mrs. Stebbins'

affidavits, their Affidavits should be disregarded and no fees should be awarded. As the

Eleventh Circuit has held:

> Courts are not authorized to be generous with the money of others,
> and it is as much the duty of courts to see that excessive fees and
> expenses are not awarded as it is to see that an adequate amount is
> awarded.

American Civil Liberties Union of Georgia, 168 F.3d at 428. Plaintiff has not met his "burden of

establishing entitlement and documenting the appropriate hours and hourly rate." Id. at 427

(quoting Norman, 836 F.2d at 1303).

To the extent Plaintiff should recover any fees, it should be limited to the following time

entries that are not demonstrably inaccurate on their face or unrelated to the Motion for

Sanctions:

Mr. Stebbins

| | | |
|---|---|---|
| 10/24/99 | Preparation for sanctions hearing | 1.1 |
| 11/04/99 | Prepare for sanctions hearing | 10.7 |
| 11/05/99 | Sanctions hearing including prepare and travel | 8.0 |
| 1/19/99[2] | Preparation of submission regarding sanctions | 1.4 |
| 1/20/99 | Preparation of submission regarding sanctions | .7 |
| | TOTAL | 21.9 |

---

[2]     Presumably, Plaintiff refers to time in 2000, not 1999.

9

Mrs. Stebbins

| | | |
|---|---|---|
| 11/04/99 | Prepare for sanctions hearing | 14.0 |
| 11/05/99 | Sanctions hearing - including preparing for and travel | 8.0 |
| | TOTAL | 22.0 |

**Total**     43.9 hours x $150[3] per hour = $6585.00

Paralegal Time
| | | |
|---|---|---|
| 10/26/99 | Preparing for Motion for Sanctions | 4.0 |

In footnotes 2 and 13, the Magistrate Judge found that Defendants had not objected with sufficient specificity to 10.5 hours of time for Plaintiff's counsel, Mr. Miley. As the Magistrate Judge acknowledged, Defendants did not agree to the awarding of fees for Mr. Miley because they did not include time for Mr. Miley in their summary of recoverable fees. If Plaintiff was seeking fees for Mr. Miley, it is difficult to determine from the request for fees. There is no affidavit from Mr. Miley and his time is not listed in the schedules at the end of Mr. or Mrs. Stebbins' affidavits. Furthermore, although Mr. Miley attended the sanctions hearing, he did not give any testimony or participate in the presentation of Plaintiff's contentions. The only reference to 10.5 hours of time in Mr. Stebbins Affidavit was in Paragraph 4 where he stated:

> Plaintiff seeks reimbursement for 10.5 hours spent on November 4 and November 5, 1999, consisting of 2.5 hours of preparation for the hearing on November 4 and the same 10 hours spent on November 5 as was spent by my wife and me.

There is no mention of Mr. Miley in reference to the 10.5 hours. The sentence is also confusing because Mr. and Mrs. Stebbins only claimed 8 hours, not 10 hours, on November 5, 1999. To

---

[3]Defendants do not object to the $150 per hour rate applied by the Magistrate Judge.

10

the extent Plaintiff claims 10.5 hours for Mr. Miley, Defendants object because Mr. Miley did

not participate in, nor was his attendance necessary at, the sanctions hearing.

For the above reasons, Defendants and their counsel respectfully request that the Court

deny Plaintiff's request for costs related to the sanctions order or, in the alternative, substantially

reduce Plaintiff's costs to reflect the amount actually proven to be related to the motion.

This _10_ day of April, 2000.

David E. Hudson
Georgia Bar No. 374450
Hull, Towill, Norman, Barrett
& Salley
SunTrust Bank Building
801 Broad St., 7th Floor
P.O. Box 1564
Augusta, GA 30903-1564
(706) 722-4481

Attorneys for Defendants
Jeanette G. Garrison and HLM, Inc.
and their Counsel

11

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S SUBMISSION OF COSTS PURSUANT TO SANCTION ORDER** by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon addressed to:

> C. Thompson Harley, Esq.
> Fletcher, Harley & Fletcher
> Post Office Box 2084
> Augusta, GA 30903-2084
>
> Charles C. Stebbins, III, Esq.
> Warlick, Tritt & Stebbins
> 1500 First Union Bank Bldg.
> 699 Broad Street
> Augusta, GA 30901
>
> Richard E. Miley, Esq.
> Attorney at Law
> Post Office Box 6352
> North Augusta, SC 29841
>
> J. Patrick Claiborne, Esq.
> J. Patrick Claiborne, P.C.
> 699 Broad Street, Suite 1206
> Augusta, GA 30901-1451

This _10th_ day of April, 2000.

David E. Hudson
Georgia Bar No. 374450
Attorney for Defendants
Jeanette G. Garrison and HLM, Inc.
and their Counsel

12