ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DIST. COURT
AUGUSTA DIV.

2000 APR 10 P 3: 47

C. Keelan
CA

MICHAEL A. HADDLE,

Plaintiff,

v.

Civil Action No. CV-196-029

JEANETTE G. GARRISON,
G. PETER MOLLOY, JR., and
HEALTHMASTER, INC.,
a Georgia corporation,

Defendants.

## OBJECTION TO MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION ON PLAINTIFF'S MOTION
## FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### I. INTRODUCTION

Plaintiff moved on January 4, 2000 that the Court award, pursuant to 42 U.S.C. § 1988,

reasonable attorney's fees and expenses of litigation against Defendants Jeanette G. Garrison and

HLM, Inc. ("HLM") (f/k/a Healthmaster, Inc.) (collectively "Defendants") on Plaintiff's 42

U.S.C. § 1985(2) claim. Defendants opposed Plaintiff's motion on the grounds that: (1) the

requested fees are excessive and unreasonable; (2) Plaintiff is not entitled to recover from

Defendants attorney's fees for work performed on his unsuccessful state law claims and other

cases; and (3) Plaintiff's fee request does not reflect Plaintiff's limited success on his federal

claim. Furthermore, Plaintiff failed to provide sufficient documentation of the attorney's hours

allegedly incurred during this case and the billing records submitted by Plaintiff were unreliable.

The Magistrate Judge issued a Report and Recommendation on March 27, 2000 that recommend

343.

Plaintiff be awarded $258,113.00 in attorneys' fees and that Plaintiff be allowed to resubmit his insufficient request for expenses.

## II. STATEMENT OF FACTS

Plaintiff initially brought one federal law and three state law causes of action against Defendants in this Court. The federal law claim was based on 42 U.S.C. § 1985(2) and the state law claims were for tortious interference, fraudulent conveyance, and violation of the Georgia RICO Act. After this Court dismissed all four claims, Plaintiff refiled his state law claims in state court. The state court granted summary judgment to Defendants on all claims. Plaintiff appealed and lost at the Georgia Court of Appeals and his petition for certiorari was denied. After receiving a reversal of this Court's decision as to his federal claim, Plaintiff attempted to reinstate in this Court two of his state law claims as well as his federal claim. This Court rejected Plaintiff's attempt to reinstate the state law claims, and Plaintiff unsuccessfully attempted to appeal the Court's decision. Ultimately, Plaintiff obtained only a small jury verdict on his claim under § 1985(2).

On his § 1985(2) claim, Plaintiff sought over $466,278.00 in damages at trial. However, the jury awarded only $65,000. This figure represents (under Plaintiff's calculations) approximately 4 months pay and less than 14% (fourteen percent) of the compensatory damages sought by Plaintiff. Furthermore, since Plaintiff went to great lengths to inform the jury that Defendants received approximately ten million dollars from the sale of a home health business, Plaintiff unquestionably would have sought at least one million dollars in punitive damages if the jury had not rejected an award of punitive damages.

In addition to failing to adequately document his attorneys' time, Plaintiff's fee request

2

included numerous hours of attorney time spent on Plaintiff's unsuccessful state law claims, both in this Court and the state court proceeding. Furthermore, there were numerous hours of time that Plaintiff's counsel spent working on unrelated claims filed in a bankruptcy proceeding. Finally, Plaintiff sought to recover attorneys' fees for time his counsel spent working on a case for a different client.

## III.  ARGUMENT AND CITATION TO AUTHORITY

The calculation of reasonable attorneys' fees is a multi-step process. The first step is to multiply the number of hours worked by a reasonable hourly rate to determine the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Next, the hours spent on discreet and unsuccessful claims (or in this situation unrelated tasks) must be excluded from the lodestar. Id.; Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988). The burden is on Plaintiff to establish that the hours for which he seeks fees were reasonable and necessary and to establish the reasonable hourly rate. Loranger, 10 F.3d at 781-82. That burden includes producing "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303(citations omitted). It is also Plaintiff's "burden to establish that the time for which compensation is sought . . . is time that was 'reasonably expended on the litigation.'" American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 435 (11th Cir. 1999) (citation omitted). As the Eleventh Circuit held:

> Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

3

Id. at 428.

## A. **Determining the Initial Lodestar**

### 1. **The Appropriate Hourly Rate**

The first component of the lodestar is based upon determining a reasonable hourly rate.

Defendants do not object to the Magistrate Judge's recommendation as to the hourly rates to be

assigned to the various attorneys and paralegals representing plaintiff.

### 2. **Hours Included in the Initial Lodestar**

Next, Plaintiff bears the burden of proving the hours to be included were reasonable and

necessary. Loranger, 10 F.3d at 782. Plaintiff did not meet this burden.

### a. **Plaintiff may not recover for time spent on his state court action and other unrelated proceedings.**

Plaintiff impermissibly sought to recover for time spent pursuing his unsuccessful state

law claims in state court. In addition, Plaintiff's request contained attorney time for work in an

unrelated bankruptcy proceeding and work by Plaintiff's counsel in the O'Neal case. Defendants

did not challenge that Plaintiff may recover a portion of fees for attorney time spent on both

O'Neal and this action prior to the dismissal of this case in June 1996 since such time was

presumably beneficial in both actions. However, Defendants objected to the award of any fees

incurred in either O'Neal or Plaintiff's state court action after the dismissal of this action in June

1996.

Plaintiff sought recovery of fees for his state court proceeding and in the O'Neal case

(post June 1996) based on his contention that Plaintiff would have pursued the same discovery in

this case and, therefore, would have incurred the same fees and costs. Putting aside that

4

numerous time entries relate to development of legal, not factual, issues in the other cases, Plaintiff's contention rests on a faulty premise. The fact that Plaintiff avoided incurring additional fees in this case does not entitle Plaintiff to a windfall for fees that could have been (but never actually were) incurred in this case. In essence, Plaintiff contended that since he would have incurred additional fees in this case if it was not for the work in the O'Neal and state cases, he should recover for these hypothetical fees.

As a matter of billing judgment, it is difficult to imagine an attorney billing a client for work done in another case based on the theory that, although the attorney never did any actual work for the client, the client should still pay for the time spent in the other case because it avoided a duplication of efforts. Under this theory, an attorney could bill an unlimited number of clients for the same work if it had some benefit in subsequent cases. Billing judgment dictates that it is impermissible to bill for work done in another case, no matter how beneficial to a later client. See Barnes, 168 F.3d at 428 (Fee applicants "must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours],' id., which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" (quoting Hensley v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983) and Norman, 836 F.2d at 1301)(alteration in original)).

The Magistrate Judge apparently accepted Plaintiff's contention that his situation is unusual because he is the client in this case as well as the separate state case, but such a contention begs the question. Under Plaintiff's theory, if Plaintiff had succeeded in the state court proceeding and received an award of attorneys' fees (which his Complaint did seek), then Plaintiff could recover the same attorneys' fees in this case for the hypothetical fees that would

5

have been incurred through pursuit of the same discovery. Even if Plaintiff declared he would only seek fees in one of the cases: the question becomes which case and who makes that determination? May Plaintiff forum shop and select the jurisdiction with the most generous fee recoveries or request fees from the court perceived to be more sympathetic to Plaintiff? What if Plaintiff is awarded only part of his fees in his chosen forum, may he pursue the remainder in the other case? What if one jurisdiction requires fee determinations be made by a jury and the other requires fees to be set by the Court? These are not hypothetical or unrealistic concerns; they are very real possibilities if Plaintiff is allowed to recover fees incurred in a separate case. Defendants have not located a single case that allowed recovery for attorney's fees for work in separate cases such as Plaintiff seeks in this action nor did the Magistrate Judge cite to any authority for such a proposition

The Magistrate Judge found this case presented "unique circumstances" because this case, the state court case, and O'Neal were all interrelated. (Report and Recommendation p. 16). The Magistrate Judge's conclusion ignores the fact that the state court case and O'Neal were active at the same time and that discovery (such as depositions) was styled as being taken in those two cases. The style of this case does not appear on any of the depositions taken in the state court case or O'Neal after this dismissal of this case in June of 1996. This attorneys' fees request is very different from that of the plaintiff in O'Neal because the discovery was actually taken in O'Neal, unlike Plaintiff's claim for attorneys' fees in this case for discovery pursued in other cases.

The Magistrate Judge also attempts to justify the award of attorneys' fees from separate cases by claiming that "Haddle was forced into state Court when the district court refused to

6

exercise supplemental jurisdiction over his state law claims on the § 1985 claim was dismissed."
(Report and Recommendation p. 17). However, the Court previously rejected the claim by
Plaintiff that he was "forced" into state court. (Order dated July 13, 1999). The Court held that
Plaintiff could have awaited the outcome of his § 1985(2) appeal prior to refiling his state law
claims but Plaintiff, instead, voluntarily chose to refile the claims in state court. (Id.). Plaintiff's
unilateral decision to prematurely refile his state law claims does not justify an award of fees for
work performed in that separate proceeding.

Indeed, several federal appellate courts, including the Eleventh Circuit, have held that
time spent pursuing state law claims in state court are not recoverable under 42 U.S.C. § 1988 in
a subsequent proceeding in federal court. In Healy v. Town of Pembroke Park, 831 F.2d 989
(11th Cir. 1987), several police officers filed a § 1983 action in federal court against the Town of
Pembroke Park after the Fraternal Order of Police prevailed before the Public Employees
Relations Commission ("PERC") on its unfair labor practice claim against the Town and the
Town was unsuccessful in its appeal of the PERC's order to the state courts. Id. at 990-91. The
district court granted summary judgment in the police officers' favor on the § 1983 claim and the
Eleventh Circuit ruled that the officers were entitled to an award of attorney fees on additional
damages that they might be awarded in the federal action. Id. at 994. Importantly, however, the
court explicitly rejected the recovery of fees incurred in state proceedings, stating that "[t]he
appellants are not entitled to recover attorneys' fees for time expended in the prosecution of the
state proceedings nor for the district court's action in stating liability had been established in the
§ 1983 case by the state court proceedings." Id.

The Magistrate Judge attempted to distinguish Healey on the basis that "the plaintiffs

7

were pursuing different relief, at different times, from different courts." (Report and Recommendation p. 18). Two of the factors listed by the Magistrate Judge are, on their face, not distinguishable from this case. Plaintiff's state court case and O'Neal were "at different times" and Plaintiff's state court was obviously in a "different court." Moreover, while the plaintiff in Healey was seeking additional damages in the federal action, his state proceeding and the federal action were based upon the same facts. Thus, the very rationale used by the Magistrate Judge to award fees to Plaintiff for work in the state case and O'Neal (the interrelated facts in the three cases) was also present in Healey. Indeed, the Eleventh Circuit affirmed the district court's grant of summary judgment to the plaintiff's in Healey because of the preclusive effect of the state court action. Healey, 831 F.2d at 994; see also Healey v. Towne of Pembroke Park, 643 F. Supp. 1208, 1214-15 (S.D. Fla. 1986). Just like this case, the federal and state actions in Healey were based on the same facts but the Eleventh Circuit unambiguously held that attorneys' fees could not be awarded for work in the state court proceeding.

Similarly, in Loranger v. Stierham, 10 F.3d 776 (11th Cir. 1994), the Eleventh Circuit denied recovery under 42 U.S.C. § 1988 for fees incurred in a state court proceeding. In finding that the state court fees could not be recovered, the court stated "[t]ime expended independent of the relevant federal litigation is not compensable." Id. at 782. For this principle, the court cited Brantley v. Surles, 804 F.2d 321 (5th Cir. 1986), a decision which is remarkably similar to this case.

In Brantley, the plaintiff, discharged from her job as a school cafeteria worker when she enrolled her son in a private academy, first attempted to regain her job and back pay under state law in a state court. Id. at 323. The state's supreme court rejected her claims and she eventually

8

brought suit under 42 U.S.C. § 1983 contending that her constitutional right to educate her child as she saw fit had been violated. Id. The plaintiff ultimately prevailed on her constitutional claim and sought attorney fees for time spent pursuing relief in the state courts. Id. The Fifth Circuit affirmed the district court's decision rejecting the plaintiff's request. The Fifth Circuit stated that "[s]ince [the plaintiff's] state court litigation was based on state law, the district court properly ruled that § 1988 does not allow compensation for her counsel's efforts in state court." Id. at 325. The Magistrate Judge did not address the holdings in Loranger or Brantley.

The Eleventh Circuit has explained that if a party desires fees for activities in a separate state court proceeding, that party should seek the fees in the state proceeding. See Ensley Branch, N.A.A.C.P. v. Seibels, 31 F.3d 1548, 1583 n.16 (11th Cir. 1994) ("Whether the [plaintiff] is entitled to attorneys' fees for work done in the [state court action] is an issue that should be decided in that case."); see also Jan R. Smith Constr. Co. v. DeKalb County, 18 F. Supp. 1365, 1376 (N.D. Ga. 1998) ("the Eleventh Circuit, in awarding attorneys' fees in one civil rights case, declined to consider the request of fees for work performed in a separate but parallel case...."). The Magistrate Judge attempted to distinguish Ensley on the basis that there was "no explicit finding...of overlap between the modification and reverse discrimination cases." (Report and Recommendation p. 17). While it may not have been on explicit finding, it is clear that the parallel proceedings in Ensley both were based upon and revolved around the allegations of reverse discrimination. Ensley, 31 F.3d at 1558-59. Although § 1988 is sometimes referred to as a "fee shifting" statute, it is not intended to shift fees from one case to another. Plaintiff's attempted expansion of § 1988 is precluded by well established precedent in this Circuit.

Furthermore, although Plaintiff claimed that his fee request only included time for

9

depositions taken in the state court proceedings, Plaintiff's billing records indicate that Plaintiff seeks to recover for time spent litigating legal issues related to Plaintiff's state law claims as well as time spent on an unrelated bankruptcy claim and legal issues in the O'Neal case. This time, in contrast to the deposition time, is not even contended by Plaintiff to have been useful in both the state and federal proceedings. These hours spent on the development of legal issues, as opposed to factual development, in both the O'Neal and state court proceedings, bear no relation to Plaintiff's § 1985 claim and were unnecessary for pursuit of the federal claim.

Defendants compiled a list of time entries by Plaintiff's counsel that are not reasonable or necessary, including time entries that relate to the unsuccessful state law claims, unrelated bankruptcy proceedings and the O'Neal case. (See Exhibit "C" attached to Defendants' Brief in Opposition to Plaintiff's Motion for Attorneys' Fees and Expenses of Litigation.) Defendants' list of time entries that should be disallowed broke down the entries by date, timekeeper, activity, hours and the reasons why the entry should be disallowed. Defendants relied on Exhibit "C" to set forth the overwhelming majority of their objections to Plaintiff's time entries since it was impractical to discuss each and every objectionable entry in the space of a brief. Rather than address Defendants' specific and detailed objections, the Magistrate Judge applied an across the reduction of 10% which resulted in significantly fewer hours being deducted from Plaintiff's request.

As detailed in Exhibit "C," numerous time entries, on their face, reference work on legal issues that relate solely to the unsuccessful state law claims asserted in this Court and the state court proceeding. Other entries relate exclusively to legal or factual issues in the O'Neal case or other unrelated proceedings that had no bearing on Plaintiff's § 1985 claim, such as O'Neal's

10

breach of contract claim. Some entries, although not necessarily identifiable on their face as unrelated to the § 1985 claim, can be verified as relating to the unsuccessful state law claims or the O'Neal case by reference to the docket in this case and the dockets in Plaintiff's state case and the O'Neal case. (Haddle v. Garrison, Superior Court of Richmond County, Case No. 96-RCCV-572, docket attached to Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees and Expenses of Litigation as Exhibit "D", O'Neal docket attached to Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees and Expenses of Litigation as Exhibit "E"). Defendants summarized the total of the fees that should be disallowed on the first page of Exhibit "C."

Accordingly, under well established Eleventh Circuit precedent, Plaintiff should not recover fees attributable to the state law claims or other unrelated proceedings such as the O'Neal case.

### b.    **Plaintiff may not recover for hours that are excessive, unnecessary or redundant.**

As discussed above, the Magistrate Judge failed to make a proper adjustment for time which was also devoted to the O'Neal action. Defendants, however, did not object to time spent in both this action and O'Neal up to the dismissal of this case in June 1996 to the extent the time was beneficial to both cases and is apportioned between the two cases. As the Court is aware, O'Neal filed a similar complaint to Plaintiff's at the same time as Plaintiff and was represented by the same counsel as Plaintiff. O'Neal submitted a fee request in his case (also prepared by Plaintiff's counsel) which sought fees and costs for the same activities (prior to June 1996) that Plaintiff seeks fees for in this case. (O'Neal fee request and supporting affidavits attached

11

collectively to Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees and

Expenses of Litigation as Exhibit "F"). However, numerous time entries in Plaintiff's fee request

relate to legal or factual issues that were distinct to the O'Neal case and, therefore, were

unrelated to Plaintiff's § 1985 claim. (See Exhibit "C" to Defendants' Brief in Opposition to

Plaintiff's Motion for Attorney's Fees and Expenses of Litigation). Plaintiff should only recover

attorney's fees for time his counsel spent working, at least in part, on the O'Neal case on factual

development that was equally applicable to this action. See Jan R. Smith Constr. Co. v. DeKalb

County, 18 F. Supp. 2d 1365, 1376, n.3 (N.D. Ga. 1998) (halving fees that applied to two

companion cases). On the other hand, as discussed above, time spent in the O'Neal case after the

dismissal of this action in June 1996 should not be allowed.

Plaintiff's time records also contain numerous time entries for work on an unrelated

bankruptcy proceeding. (e.g. 2/28/96, 3/28/96, 3/29/96, 7/8/96, 7/10/96, 7/22/96). Since the

time entries never identify the bankruptcy proceeding, Defendants can only guess that it is the

bankruptcy of Healthmaster Home Health Care, Inc. ("HHHC"). Plaintiff did not bring a claim

against HHHC (which is a separate corporate entity from HLM) in this action but he did file

claims in the bankruptcy proceeding related to his retirement plan and other issues that have no

relation to Plaintiff's § 1985 claim.

12

### c.    **Plaintiff has not provided his fee agreement thereby precluding an evaluation of the reasonableness of the fee sought.**

Plaintiff has not produced copies of his fee agreements with counsel in this case. The fee agreement between Plaintiff and his counsel is relevant not only to the reasonable hours and hourly rate in this case, but also to whether Plaintiff's counsel may be attempting to recover an excessive fee in the case. See U.S. ex. rel. Taxpayers Against Fraud v. General Elec. Co., 41 F.3d 1032, 1046-49 (6th Cir. 1994); Florida Rock Indus., Inc. v. U.S., 9 Cl. Ct. 285, 290 (1985).

## B. **Adjustment to Lodestar for Unsuccessful Claims and Insufficient Documentation**

### 1. **Plaintiff Impermissibly Requests Fees for Claims that Were Unsuccessful.**

The "American Rule" provides that, as a general rule, each party must bear their own attorney's fees absent express statutory authorization to the contrary. City of Riverside v. Rivera, 477 U.S. 561, 567 (1986). As an exception to the general rule, 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections ... 1985 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." To the extent Plaintiff's time entries related to his state law claims are included in the lodestar, there must be an adjustment for the time spent on these unsuccessful claims.[1]

Specifically, Plaintiff sought fees for work performed in this Court on his state law claims which were ultimately wholly unsuccessful. In addition to time spent in the state court

---

[1]    For all practical purposes, it did not matter whether the time entries related to the unsuccessful state law claims and other proceedings were excluded before calculating the lodestar or as an adjustment to the lodestar to eliminate time spent on the unsuccessful claims. Defendants did not seek to exclude the time related to the unsuccessful claims and unrelated proceedings twice; they, instead, sought to ensure only that the time spent on the unsuccessful claims and unrelated proceedings are removed at some point in the process.

13

proceeding, Plaintiff sought recovery of fees relating to time spent on the state law claims prior

to their dismissal by this Court and for time spent in this Court and the Court of Appeals

attempting to reinstate two of the state law claims upon reinstatement of the federal claim. (See

Exhibit "C"to Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees and

Expenses of Litigation). Plaintiff argued that his counsel would have been negligent if they had

not pursued reinstatement of the state law claim missed the point. Attorneys' fees are not

assessed based upon whether attorneys should or should not have pursued certain claims, the fees

are based on reasonable hours expended on successful claims. Plaintiff is not entitled to

attorney's fees and expenses on these unsuccessful and unrelated claims.

Excluded from reasonable attorney's fees are "hours" spent on discrete and unsuccessful

claims." Norman, 836 F.2d at 1302. Unrelated claims must be treated as if they had been raised

in separate lawsuits. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789

(1989). In Hensley v. Eckerhart, 461 U.S. 424, 429 (1983), the Supreme Court reversed an

award of attorneys' fees where the award included hours spent on unsuccessful and unrelated

claims. The Supreme Court held that work performed on an unsuccessful claim cannot be

deemed to have been "expended in pursuit of the ultimate result achieved." Id. at 435 (citation

omitted).

Hours spent on pursuing legal aspects of Plaintiff's state law claims in this Court should

be rejected because the § 1985(2) claim and the unsuccessful state law claims are not based upon

"related legal theories" which would allow recovery of attorney's fees for time spent on

unsuccessful claims. Hensley, 461 U.S. at 435. For example, contrary to Plaintiff's contention,

the federal claim and fraudulent conveyance claim were based upon completely distinct facts and

14

legal theories. Plaintiff's § 1985 claim was based upon the termination of his employment whereas the fraudulent conveyance claim[2] was based upon the completely unrelated creation of trust funds and the transfer of corporate stock. Furthermore, numerous time entries contain references to research and brief drafting that relates to development of the legal theories for the unsuccessful state law tortious interference Georgia RICO and fraudulent conveyance claims. (See Exhibit "C" to Defendants' Brief in Opposition to Plaintiff's Motion for Attorney's Fees and Expenses of Litigation). Such legal research and arguments were unrelated to the § 1985 claim.

The Magistrate Judge recommended that Plaintiff receive fees for essentially all work in the state court case and O'Neal because the cases arose from a "common core of facts." (Report and Recommendation p. 16). The Magistrate Judge did not address the numerous time entries which bore no relation to the "facts" of the cases but, instead, referred to research and brief writing in the state court case and O'Neal that related to unsuccessful or unrelated legal issues in those separate proceedings. For example, Plaintiff sought fees for work on a Motion to Compel (5/24/96-6/3/96) when no such motion was ever filed in this case. Similarly, Plaintiff has time entries for motions to quash and for protective orders that were not filed in this case (e.g. 7/26/96, 7/29/96). Finally, there are numerous entries related to work in an unidentified bankruptcy proceeding and on appeals in the O'Neal case.

Plaintiff did not advance any plausible argument for why he should receive fees for the

---

[2]     The Magistrate Judge stated that he reviewed Defendant's objection and only found two time entries (totaling .7 hours) related to the fraudulent conveyance claim. (Report and Recommendation p. 21 n.3). Defendants' Exhibit "C" however, references fraudulent conveyance related time entries on 3/20/96, 3/22/96, 3/28/96, 5/2/96, 7/23/96, 9/20/96, 10/23/96 and 10/24/96.

15

unsuccessful effort to reinstate two of Plaintiff's state law claims in this Court after Defendants received summary judgment on the claims in state court. These hours are completely unrelated to Plaintiff's federal claim. Defendant moved to dismiss Plaintiff's claims on grounds of res judicata. This Court granted Defendant's motion and Plaintiff unsuccessfully attempted to appeal the Court's holding to the Court of Appeals. Because the hours claimed relate to claims that were unsuccessful and are unrelated to the federal claim, they should be denied.

## 2. The Request Should be Denied in Whole or in Part Because Plaintiff Failed to Sufficiently Document His Attorneys' Time and Seeks Fees Relating to Unsuccessful Claims.

To account for hours spent on unsuccessful claims or insufficient billing records, a court may: 1) exclude the hours spent on the unsuccessful claim; or 2) where such an excision is not possible, deny the request outright or apply an across the board percentage reduction to the number of hours claimed or to the lodestar. While the Magistrate Judge made a 10% reduction, such a reduction falls for short of excluding the time spent on unrelated or unsuccessful claims.

Furthermore, Plaintiff's fees request includes numerous instances of "conferences" with no reference to the subject matter of the "conference" and, in some entries, the participants in the "conference" are not identified. The Court does not have to undertake the imprecise and tortuous task of determining which hours are compensable hours. Id. Where the documentation is inadequate, the Court has the discretion to reduce an otherwise permissible award of attorneys' fees. Hensley, 461 U.S. at 433. It is not possible to determine whether the many "conferences" related to the unsuccessful state law claims, the unrelated bankruptcy proceeding, the O'Neal case or the § 1985 claim. Indeed, many "conferences" time entries immediately proceed or follow entries reflecting work on the unsuccessful claims or unrelated proceedings. (See Exhibit

16

"C"). Again, these insufficient time entries provide a basis for disallowing fees. See Duckworth
v. Whisenant, 97 F.3d 1393, 1398 (11th Cir. 1996) ("Defendant has raised issue with the myriad
of telephone conferences.... The court agrees with this objection and is therefore including a
reduction....").

Accordingly, due to the inadequacy of Plaintiff's billing records which make it
impossible to separate out the non-recoverable time the Court may in its discretion deny the
request for attorney's fees and expenses in its entirety if the request is outrageously unreasonable.
See, e.g. Fair Hous. Counsil of Greater Washington v. Landow, 999 F.2d 92, 97 (4th Cir. 1993)
("Because of the [plaintiff's] woefully inadequate time records, coupled with its failure to make a
good faith effort to exclude fees attributable to unsuccessful claims, we think the [plaintiff's] fee
petition was so outrageously excessive it shocked the conscience of the court, a conclusion
readily announced by the court below. Thus, we believe a complete denial of the [plaintiff's] fee
petition would be justified."); Lewis v. Kendrick, 944 F.2d 949, 958 (1st Cir. 1991) (complete
denial of fees because the plaintiff achieved only limited success but still requested full fees and
"[a] request for attorney's fees is required to be in good faith and in reasonable compliance with
judicial pronouncements, and not an opening gambit in negotiations to reach an ultimate
result."); Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980) ("Such [complete] denial [of
fees] is an entirely appropriate, and hopefully effective, means of encouraging counsel to
maintain adequate records and submit reasonable, carefully calculated, and conscientiously
measured claims when seeking statutory counsel fees."). Defendants respectfully submit that
Plaintiff's failure to supply adequate evidence of the appropriate attorney's fees and expenses in
this case justifies a denial of any attorney's fees or expenses.

17

In the alternative, the Court is authorized to use an across the board percentage reduction

in either the total number of hours or the Lodestar to reflect time and expenses devoted to the

unsuccessful claims or the inadequate time entries. Loranger, 10 F.3d at 783. Plaintiff sought

reimbursement for fees that are attributable to three unsuccessful state law claims and fees

attributable to the single federal claim. Accordingly, an appropriate adjustment to the initial

Lodestar would be a reduction of 75% of the hours or 75% of the Lodestar.

## C. Adjustment to the Lodestar for Partial Success

The final step in determining reasonable attorney's fees requires adjusting the lodestar to

reflect Plaintiff's partial and limited success. As the Supreme Court held:

> Once . . . litigation materially alters the legal relationship between the parties, "the
> degree of the plaintiff's overall success goes to the reasonableness" of a fee award
> under Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
> Indeed, "the most critical factor" in determining the reasonableness of a fee award
> "is the degree of success obtained." . . . . We have already observed that if "a
> plaintiff has achieved only partial or limited success, the product of hours
> reasonably expended on the litigation as a whole times a reasonable hourly rate
> may be an excessive amount." Yet the District Court calculated petitioners' fee
> award in precisely this fashion, without engaging in any measured exercise of
> discretion. "Where recovery of private damages is the purpose of . . . civil rights
> litigation, a district court, in fixing fees, is obligated to give primary consideration
> to the amount of damages awarded as compared to the amount sought." Such a
> comparison promotes the court's "central" responsibility to "make the assessment
> of what is a reasonable fee under the circumstances of the case." Having
> considered the amount and nature of damages awarded, the court may lawfully
> award low fees or no fees without reciting the 12 factors bearing on
> reasonableness, . . . or multiplying "the number of hours reasonably expended . . .
> by a reasonable hourly rate."

Farrar v. Hobby, 506 U.S. 103, 114-15, 113 S. Ct. 566, 574-75 (1992) (citations omitted). The

Magistrate Judge refused to reduce Plaintiff's fees based upon Plaintiff's limited success.

For example, a district court's decision to reduce the initial lodestar amount by two-thirds

18

was upheld because the Plaintiff received a verdict for only a small percentage of the amount requested at trial and, therefore, achieved only "limited success." Popham v. City of Kennesaw, 820 F.2d 1570, 1580-81 (11th Cir. 1987). Similarly, the Eleventh Circuit upheld a reduction of the initial lodestar by 60 percent when the plaintiff obtained only 10 percent of the amount sought at trial. Erkins v. Bryan, 785 F.2d 1538, 1544-46 (11th Cir. 1986). The Tenth Circuit, in a recent decision, upheld a 50 percent reduction of attorney's fees (after several other adjustments) based on the plaintiff's limited success. Gudenkauf v. Stauffer Comm., Inc., 158 F.3d 1074, 1084-85 (10th Cir. 1998).

In this case, Plaintiff sought $466,278.00 in lost wages plus an additional amount for emotional distress on his § 1985(2) claim (Trial Transcript pp. III-228 and V-117-18) but received a verdict of only $65,000, which is less than 14% of that amount sought by Plaintiff and represents, according to Plaintiff's calculations, approximately 4 months pay. Furthermore, Plaintiff undoubtedly would have sought at least one million dollars in punitive damages if the jury had not rejected an award of punitive damages. During the trial, Plaintiff claimed that Defendants had "stole that $10 million from the taxpayers, and it is never going to be paid back." (Trial Transcript p. V-74). This figure unquestionably would have been the basis for the amount of punitive damages requested by Plaintiff. Accordingly, based upon Plaintiff's very limited success, an additional reduction of 75% of the lodestar remaining after the adjustment for unsuccessful claims is appropriate.

19

## D. Excessive and Unreasonable Expenses

### 1. Plaintiff's Recovery Should Be Limited To His Bill Of Costs.

In addition to seeking recovery of attorney's fees, Plaintiff also seeks recovery of

expenses. However, 42 U.S.C. § 1988 only allows an award of "costs," not expenses. See 42

U.S.C. § 1988 (allowing the prevailing plaintiff a "reasonable attorney's fee as part of the

costs.") This Court previously determined that expenses in excess of a Bill of Costs are not

recoverable under a fee-shifting statute absent express statutory authority to award such

expenses. (See O'Neal Order and Affirmance attached as Exhibits "A" and "B" to Defendants'

Brief in Opposition to Plaintiff's Motion for Attorney's Fees and Expenses of Litigation). In

reaching this conclusion, the Court relied upon West Virginia Univ. Hospitals, Inc. v. Casey, 499

U.S. 83 (1991), a § 1988 case in which an award of expert witness fees was rejected where the

statute did not (at that time) expressly provide for an award of witness fees in excess of 28

U.S.C. § 1821. (Exhibit "A" at 18-19, attached to Defendants' Brief in Opposition to Plaintiff's

Motion for Attorney's Fees and Expenses of Litigation). In Casey, the Supreme Court reiterated

its prior determination that 28 U.S.C. §§ 1920 and 1821 "define the full extent of a federal

court's power to shift litigation costs absent express statutory authority to go further." Casey,

499 U.S. at 86.

Moreover, this Court's prior determination is in accord with Eleventh Circuit precedent.

In Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996), the Eleventh Circuit affirmed

the district court's denial of expenses beyond those set forth in the plaintiff's Bill of Costs

pursuant to 19 U.S.C. § 1920. Id. at 1395. Although the district court allowed an award of

attorneys' fees under § 1988, the court rejected the plaintiff's request for expenses which

exceeded the bill of costs by almost $10,000. Id. at 1339. Similarly, in Parks v. Hall, 906 F.2d 658, 660 (11th Cir. 1990), the Eleventh Circuit rejected an award of expenses in excess of costs under the cost-shifting provisions of Rule 68 where no statute expressly authorized an award of out-of-pocket expenses.

The Magistrate Judge, however, found that although § 1988 refers only to a "reasonable attorney's fees as part of costs," Plaintiff may still recover "expenses" in excess of those allowed under 28 U.S.C. § 1920. This finding is contrary to the clear holding of Duckworth and would result in the exception swallowing the rule under Casey. There is no question that § 1988 refers only to "reasonable attorney's fees as part of costs" and that there is no reference to "expenses." The Supreme Court held in Casey that there must be "express statutory authority to go further" than the costs allowed under § 1920 and disallowed expert witness expenses. Casey, 499 U.S. at 86. Since Congress amended § 1988 to specifically allow expert witness expenses, under the Magistrate Judge's analysis, there is now no limit on what expenses may be recovered under § 1988. The holding in Casey becomes an empty decision because under the Magistrate Judge's ruling, all expenses are part of attorney's fees except expert witness fees, which are now in the statute. In other words, under the Magistrate Judge's interpretation, the only time Congress need enact "express statutory authority" is for expert witness fees because every other conceivable expense is simply part of a "reasonable attorney's fees." Such a meaningless result could not have been intended by the Supreme Court.

Plaintiff has already filed a bill of costs pursuant to 19 U.S.C. § 1920. On the authority set forth above, Plaintiff is limited to the costs properly recoverable under § 1920 and his claim

21

for additional expenses must be rejected.[3]

## 2. **Alternatively, Plaintiff's Recovery Should Be Limited To Reasonable Expenses**.

Even if Plaintiff were permitted to recover expenses in excess of his bill of costs, Plaintiff sought recovery for expenses that were not reasonable or necessary. Plaintiff sought recovery of $10,525.45 in charges for computerized legal research. (See Stebbins Aff., Ex. B). These charges are excessive for several reasons. The document produced by Plaintiff and labeled B-1 which allegedly supports these charges is devoid of any detail as to the particular issue(s) researched for each legal research entry charge. Accordingly, Defendants cannot determine whether the claimed research charges are attributable to the federal claim or the unsuccessful state law claims. Charges that are associated with legal research related to the unsuccessful state law claims are not recoverable. See Barnes, 168 F.3d at 438-39 (finding that expenses are not recoverable where they relate to activities for which an award of attorney's fees is found to be unreasonable). To account for the inadequacy of Plaintiff's billing records, the computerized legal research charges should (at a minimum) be apportioned one-quarter (1/4) each to Plaintiff's four initial causes of action. See id. at 429 (finding that the imprecision of a plaintiff's billing records is properly addressed by equitably apportioning the claimed charge to all activities). Applying this procedure, and because three of Plaintiff's causes of action were unsuccessful, $7,894.09 of the claimed computerized legal research charges should be disallowed as unreasonable.

Additionally, some of the computerized legal research charges claimed by Plaintiff are

---

[3]    Defendants have separately objected to Plaintiff's Bill of Costs. This brief does not waive any objections to Plaintiff's Bill of Costs nor does it consent to any award of expenses that may be rejected from Plaintiff's Bill of Costs.

unreasonable because they do not relate to work performed in this case. A review of the docket in this case shows that Plaintiff filed his last brief in the Eleventh Circuit on January 30, 1997 and did not begin work on his petition for certiorari to the Supreme Court until early March 1998. During the intervening time period Plaintiff's federal case remained dormant. However, Plaintiff claims computerized legal research charges of approximately $1,524.93 for this period. These expenses should be disallowed as unreasonable.

Finally, the plaintiff in O'Neal submitted a request for expenses that contained numerous electronic research charges that are identical to those of Plaintiff. Clearly, Plaintiff cannot recover electronic research charges for research that O'Neal claimed was applicable to his case. While O'Neal's expense request was denied because, similar to § 1988, the statute he brought suit under, 31 U.S.C. § 3730(h), did not authorize the shifting of expenses, O'Neal's failure to recover the expenses does not permit Plaintiff to claim such charges.

Plaintiff also seeks recovery of unreasonable expenses related to the Supreme Court appeal of this case. Plaintiff impermissibly requests an award of expenses that relate to items that are typically subsumed in overhead expenses and which are not normally charged to one's paying client. See Barnes, 168 F.3d at 428 (finding that fee applicants must exercise "billing judgment" and may not recover for expenses that "would be unreasonable to bill to a client"). For example, Plaintiff seeks reimbursement for $137.67 related to obtaining a Certificate of Good Standing for Charles C. Stebbins and for a $100.00 admission fee incurred to by his counsel to become a member of the United States Supreme Court bar. These are not expenses that would be charged to a paying client and accordingly should not be allowed as part of an expense award.

Furthermore, Plaintiff seeks recovery of unreasonable travel expenses related to the

Supreme Court litigation. Plaintiff requests reimbursement of approximately $556.16 in travel

expenses that were incurred when his counsel traveled to Washington, D.C. to observe other

lawyers practicing before the Supreme Court and to participate in a moot court session.

Plaintiff's counsel could have prepared for the Supreme Court litigation in Georgia. These

expenses, like the related attorneys' fees, are unreasonable as unnecessary and must be denied.

See Barnes, *supra*, (finding that expenses are not recoverable where they relate to activities for

which an award of attorney's fees is found to be unreasonable). Similarly, Plaintiff seeks excess

expenses in claiming four nights lodging to argue the Supreme Court case. Argument was

scheduled for and lasted only part of one day. Accordingly, three of the four claimed nights

(totaling approximately $450.00) are excessive and should be disallowed.

Finally, the Magistrate Judge found Plaintiff's expense request to be deficient but

recommended that Plaintiff be allowed yet another opportunity to cure the deficiencies. Plaintiff

has already filed a Bill of Costs and then moved to add all disallowed costs to his fee request.

Defendants object to Plaintiff being allowed a third opportunity to modify his request well

outside of the deadlines established by the Court.

## IV. CONCLUSION

Defendants object to the Magistrate Judge's Report and Recommendation and request

fees consistent with the principles set forth above.

24

This ___ day of April, 2000.

David E. Hudson, Esq.
Georgia Bar No. 374450
Hull, Towill, Norman, Barrett & Salley
SunTrust Bank Bldg.
801 Broad St., 7th Floor
P.O. Box 1564
Augusta, GA 30903-1564
(706) 722-4481

Phillip A. Bradley
Georgia Bar No. 075137
Barry J. Armstrong
Georgia Bar No. 022055
LONG ALDRIDGE NORMAN LLP
One Peachtree Center, Suite 5300
303 Peachtree Street
Atlanta, GA 30308
(404) 527-4000


Attorneys for Defendants
Jeanette G. Garrison and HLM, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MICHAEL A. HADDLE,

Plaintiff,

v.

JEANETTE G. GARRISON,
G. PETER MOLLOY, JR., and
HEALTHMASTER, INC.,
a Georgia corporation,

Defendants.

Civil Action No. CV-196-029

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **OBJECTION TO**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S**

**MOTION FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION** by depositing in

the United States mail a copy of same in a properly addressed envelope with adequate postage

thereon addressed to:

C. Thompson Harley, Esq.
Fletcher, Harley & Fletcher
Post Office Box 2084
Augusta, GA 3093-2084

Charles C. Stebbins, III, Esq.
Warlick, Tritt & Stebbins
1500 First Union Bank Bldg.
699 Broad Street
Augusta, GA 30901

Richard E. Miley, Esq.
Attorney at Law
Post Office Box 6352
North Augusta, SC 29841

J. Patrick Claiborne, Esq.
J. Patrick Claiborne, P.C.
699 Broad Street, Suite 1206
Augusta, GA 30901-1451

This _____ day of April, 2000.

David E. Hudson
Georgia Bar No. 374450

Attorney for Defendants
Jeanette G. Garrison and HLM, Inc.